WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stardom Real Estate LLC, on behalf of Stardom Properties LLC,<br><br>              Plaintiff,<br><br>v.<br><br>Neil Johnston, et al.,<br><br>              Defendant. | No. CV-13-01474-PHX-GMS<br><br>**ORDER** |

The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court remands this case to Maricopa County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward forcible detainer, otherwise known as an eviction action. And while it appears that Defendant Neil

Johnston ("Defendant") may assert a federal defense based on due process, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (discussing the "well-pleaded complaint rule"). Therefore, the Court has no federal question jurisdiction. *See* 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

To the extent that the Notice of Removal purports to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, the requirements for diversity jurisdiction are also not satisfied. In order to invoke the Court's diversity jurisdiction, a defendant must show both that he and plaintiff are not residents of the same state, and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction). In addition, even when there is diversity between the parties, a federal court may not exercise jurisdiction where the moving defendant is a resident of the forum state. 28 U.S.C. § 1441(b). Here, the Court need not decide whether there is diversity between the parties or whether the amount in controversy requirement is met as Defendant reports his address as the property at issue in this action (located in Queen Creek, Arizona); thus, he is clearly a forum defendant who may not remove a state-court action. *See id.*

Furthermore, to the extent that Defendant is attempting to appeal the state court's final judgment in the forcible detainer action, jurisdiction would not be proper in this case because federal jurisdiction is barred under the *Rooker-Feldman* doctrine. *See Albrecht v.*

*Demuniz*, 315 F. App'x 654, 2009 WL 2914215, at *1 (9th Cir. 2009) (affirming the district court's *sua sponte* dismissal of a pro se defendant's appeal of a state court judgment under the *Rooker-Feldman* doctrine). The *Rooker-Feldman* doctrine bars federal district courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

In the absence of subject-matter jurisdiction, this Court is empowered to *sua sponte* order summary remand. *See* 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).

**IT IS ORDERED** that the Clerk of the Court **REMAND** this action back to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** denying the Motion to Proceed in Forma Pauperis (Doc. 2).

**IT IS FURTHER ORDERED** finding the Expedited Motion to Remand (Doc. 6) as moot.

Dated this 30th day of July, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge